IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES

V.  CASE NO. 4:07cr159

CHRISTOPHER BOLDEN, et al

**ORDER**

Defendants Kem Booker, Darrell Jones and William Guillory have moved to dismiss the indictments against them for Speedy Trial Act violations. These moving defendants are three of eleven co-defendants who were charged in an August 31, 2007 indictment with conspiracy to distribute cocaine, in violation of 21 U.S.C. § 841(a), (b)(1)(B) and 846. The right to a speedy trial is governed by the Speedy Trial Act,18 U.S.C. § 3161, *et seq.*, which requires that the trial of a criminal defendant begin within seventy days of an indictment or initial appearance, whichever is later. 18 U.S.C. § 3161(c)(1). In this case, Booker entered a plea of not guilty on October 26, 2007; Jones entered a plea of not guilty on September 10, 2007; and Guillory entered a plea of not guilty on October 4, 2007. Trial is presently set as to each of these defendants for October 6, 2008, and it is thus apparent that, barring tolling of the speedy trial period, the seventy-day requirement was violated in this case.

The government notes, however, that § 3161(h)(3)(A) excludes from the seventy-day period "[a]ny period of delay resulting from the absence or unavailability of the defendant or an essential witness." The government argues that the absence of co-defendant Jerome Mitchell for almost a full year after the indictment tolled the running of the seventy-day period, as follows:

1

> The final defendant to be arraigned in this case was Jerome Mitchell. Mr. Mitchell did not voluntarily surrender himself. His whereabouts were finally known to the United States' Marshals when he was taken into custody in another jurisdiction. He was retrieved and brought before Magistrate Judge Alexander on August 19, 2008, where he made an initial appearance and was arraigned. Prior to Mitchell being taken into custody and brought before the Magistrate in the Northern District, none of the defendants in this matter requested or received a severance. Therefore, per 18 U.S.C. § 3161 (2), the trial of this matter could not proceed until at least thirty days from the date on which the final defendant, (Mitchell) appears through counsel or expressly waives counsel and elects to proceed pro se. The Court set the trial of all co-defendants for October 6, 2008, well within the statutory time limit.

The court finds the government's argument in this regard to be persuasive.

The court would also note that the Speedy Trial Act excludes from the seventy-day period any reasonable time lapse occurring "when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." 18 U.S.C. § 3161(h)(7). The Fifth Circuit has observed that, under this exclusion, "the speedy trial clock does not begin to run in a multi-defendant prosecution until the last codefendant makes his initial appearance in court." *United States v. Franklin*, 148 F.3d 451, 455 (5th Cir. 1998). Moreover, the Fifth Circuit has held that delays of less than five years are not enough, by duration alone, to presume prejudice under the Speedy Trial Act. *U.S. v. Parker*, 505 F.3d 323, 328-29 (5th Cir. 2007). In *United States v. Obad*, No. 2:07cr008-P-B (N.D. Miss. May 1, 2008), Judge Pepper concluded under facts similar to those here that a delay of approximately fourteen months, while one of seven defendants was a fugitive, did not violate the Speedy Trial Act. *See also United States v. Tobin*, 840 F.2d 867, 869 (11th Cir. 1988).

The court finds the foregoing authority to be persuasive, and it accordingly concludes that the seventy-day period was tolled in this case under either 18 U.S.C. § 3161(h)(3)(A) or 18

U.S.C. § 3161(h)(7). It is therefore ordered that defendants' motions [142-1, 149-1, 155-1, 156-1] to dismiss their indictments based on Speedy Trial Act violations are denied.

SO ORDERED, this 17th day of September, 2008.

/s/ MICHAEL P. MILLS
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**